# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-8321
KTOBITSCH@JONESDAY.COM

December 11, 2019

VIA ECF

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Michael Mader v. Experian et al.*,
Case No. 1:19-cv-03787-LGS-DCF (S.D.N.Y.)

Dear Judge Schofield:

Experian Information Solutions, Inc. ("Experian") requests a pre-motion conference for a motion in limine to preclude documents and a deposition transcript that Plaintiff produced.

***Relevant Procedural History***

The Court ordered that all fact discovery related to Plaintiff's individual claim be completed by November 12, 2019. *See* ECF No. 14. To meet that deadline, on October 9, 2019, Experian served a subpoena to produce documents on a third party to this action, Navient Solutions, LLC. On October 31, 2019 and November 1, 2019, Navient made two document productions, totaling 813 pages in response to Experian's subpoena. Experian provided these documents to Plaintiff on the same days that Navient produced them.

On October 17, 2019, Experian served a subpoena for Navient's testimony. In light of the comprehensive nature of Navient's document production, however, Experian withdrew that subpoena on November 1, 2019. At that point, Plaintiff had not propounded any discovery on Navient or any other third party.

On November 4, 2019, Plaintiff requested an extension of fact discovery. The stated reason for that extension was as follows: "In order to translate the shorthand expressions used in the Navient documents, one must have either an opportunity to question a witness with knowledge of Navient's policies and systems, or access to Navient's policies and certain data relating to Plaintiff Michael Mader that was omitted from Navient's production." *See* ECF No. 32. Based upon that representation, the Court granted an extension of fact discovery until November 18, 2019 to permit that discovery to proceed. *See* ECF No. 34.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Lorna G. Schofield
December 11, 2019
Page 2

After obtaining that extension, Plaintiff did *not* proceed with the discovery he claimed he needed. Rather than depose Navient, or seek "access to Navient's policies and certain data relating to Plaintiff Michael Mader that was omitted from Navient's production," Plaintiff himself produced documents that Navient had produced in a different case—*Haas v. Navient Solutions, LLC*, Adv. Pro. No. 16-03175 (Bankr. S.D. Tex.). Filed in 2017 in bankruptcy court in Texas, the *Haas* matter involved unrelated bankruptcy issues, a different plaintiff, and a different type of loan. Experian was not a party to *Haas*. Indeed, the only relationship between *Haas* and the case at bar is that the same plaintiff's lawyers are involved in both matters.

Furthermore, in addition to producing documents that Navient had produced in *Haas*, Plaintiff also produced a copy of a deposition transcript of Navient's Rule 30(b)(6) witness in *Haas*. In addition to being hearsay, Experian had no ability to participate in that deposition.

Experian objects to use of the *Haas* documents and deposition transcript because they were in Plaintiff's possession—or, at the very least, his counsel's possession—long before Plaintiff made his request to this Court for an extension to the fact discovery cutoff. Having not produced them in a timely manner, they are inadmissible. Even if the production was made in a timely manner, a deposition transcript taken in another unrelated matter not even involving Experian is inadmissible under Federal Rule of Civil Procedure 32.

Counsel for Experian and Plaintiff's counsel met and conferred by telephone on December 6, 2019, pursuant to Individual Rule III.C.3, to discuss Experian's objections. The parties have not been able to resolve Experian's objections. Therefore, Experian respectfully requests relief from the Court.

### *Plaintiff's November Production Is Irrelevant and Untimely, Exceeding the Scope of the Stated Reason for an Extension of Fact Discovery*

The materials that Plaintiff produced from the *Haas* matter are not proper because they exceed the scope of Plaintiff's request for an extension of fact discovery. Plaintiff sought an extension ostensibly for the purpose of asking Navient about codes or expressions used in Plaintiff's consumer file with Navient, *see* ECF No. 32, at 2, which Navient had produced to Experian on October 31, 2019 and November 1, 2019 in response to Experian's subpoena for documents. But instead of seeking documents or testimony from Navient pertaining to Plaintiff's consumer file and loan for undergraduate studies, Plaintiff's counsel produced documents and testimony pertaining to an unrelated consumer's file for an entirely different loan type for career training. Furthermore, Plaintiff's counsel has had these documents in its possession since 2017, and throughout the entirety of discovery in the present matter. Thus, there was never any need to request an extension of the fact discovery deadline. If Plaintiff

JONES DAY

Hon. Lorna G. Schofield
December 11, 2019
Page 3

wanted to use these records, he could have (and should have) produced them in a timely fashion. Having failed to do so, the Court should bar their use in this case.

Accordingly, Experian seeks to preclude these materials on the basis that the documents are irrelevant to Plaintiff's consumer file and loan type, as well as the fact they are not the information that Plaintiff represented he needed as the basis for his extension. And, having possessed them since the outset of the case, but failed to produce them before the initial discovery cutoff, the production is untimely.

***The Navient Deposition Transcript From Haas Is Inadmissible***

Experian also seeks to preclude the 2017 deposition transcript of Navient's Rule 30(b)(6) deponent in the *Haas* matter. Even if it was admissible—and it is not—Plaintiff did not produce it in a timely manner. Regardless, a deposition transcript from an unrelated case in which Experian was not even a party is inadmissible under Rule 32.

First, a deposition transcript from a prior matter can only be used under Rule 32(a)(1)(A) if a party to the present matter "was present or represented at the taking of the deposition or had reasonable notice of it," which is not the case here because Experian was not a party to the 2017 case and had no knowledge or notice of the deposition.

Second, Rule 32(a)(8) only permits use of a deposition transcript "taken in an earlier action" if it is to "be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest," which is not the case here. Experian was not a party to the 2017 case, nor a successor in interest, and the subject matter is not the same because each case involves different consumers with different types of loans. *Mediavilla v. City of New York*, 259 F. Supp. 3d 82, 110 (S.D.N.Y. 2016) ("[I]t is well established that only admissible evidence may serve to support or defeat a motion for summary judgment. . . . However, deposition testimony taken in a different action is only admissible if the present action involves the same subject matter and the same parties." (citing to FRCP 32(a)(8)). For this independent reason, use of the Navient deposition from *Haas* should be precluded.

Experian thus requests a pre-motion conference in support of a motion in limine.

Respectfully submitted,

*/s/ Kerianne Tobitsch*

Kerianne Tobitsch

cc:     All counsel of record (via ECF)