

December 12, 2019

**VIA ECF**
Honorable Lorna Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**   *Michael Mader v. Experian Information Solutions, LLC*
             S.D.N.Y. Case No. 1:19-cv-03787-LGS-DCF

Dear Judge Schofield:

      We represent Plaintiff Michael Mader ("Plaintiff") in the above-referenced action and submit this letter in response to Defendant Experian Information Solutions, Inc.'s ("Defendant") request for a conference before moving in limine during discovery and against unspecific information that no one has sought to introduce into evidence.

      This case is about Defendant's procedures for reporting student loans after bankruptcy. Defendant has claimed in papers to the Court (Dkt. No. 22) and its expert report that it relies on the reliability of Navient's reporting of student loans after bankruptcy. Now that both parties have obtained information from Navient about how it handles student loans in bankruptcy, Defendant claims that Plaintiff's information should be precluded. As Plaintiff twice suggested to Experian, the proper solution is for Experian to take Navient's deposition, as it was originally scheduled to do. Expert discovery is ongoing, class discovery has not yet begun, and there is no reason Experian cannot still depose Navient.

      **The discovery from Navient is relevant**

      Defendant argues that the information Plaintiff obtained from Navient regarding its policies for handling discharged student loans is irrelevant because it is not limited to Plaintiff. That argument makes no sense. This case is about Defendant's reporting of discharged student loan debts that were made to attend non-accredited (*i.e.,* non Title IV) schools. Navient's policy does not apply solely to Plaintiff; rather, Navient's policies for handling debts for non-accredited schools applies to all such loans. That is the information Navient produced to Plaintiff and which Plaintiff produced to Experian—the policies that apply to Plaintiff and to others who borrowed loans to attend non-Title IV schools and then received a bankruptcy discharge.[1] Defendant claims that it relies on Navient, and that

---

[1] Experian is also incorrect that the only overlap between *Haas* and this action is the presence of Plaintiff's counsel. Plaintiff Michael Mader is included in the class definition in *Haas*, and is currently bound and protected by the Agreed Order. *Haas et. al. v. Navient Solutions, LLC et. al,* 16-AP-03175, Agreed Order, ECF No. 122 (Bankr. S.D. Tex. April 11, 2017).



December 12, 2019
Page 2

Navient is a reliable source of information. The documents in question demonstrate what Navient actually does when handling the debts at issue in this case.

**Defendant's discovery gamesmanship**

It was Experian's decision to subpoena Navient for documents and testimony. Experian then artfully canceled the deposition and subpoena at the last minute and concluded it was satisfied with the records Navient voluntarily gave them. As Plaintiff's counsel stated to the Court, the records Navient provided were highly selective and could not be deciphered without certain of Navient's policies, or access to a Navient witness.

It is true that Plaintiff's counsel has access to these documents—that is how Plaintiff's counsel knew how misleading and incomplete Navient's production was in the first place. But the documents are under a protective order in *Haas*, and Plaintiff's counsel could not use them without Navient's permission. On October 9, 2019, Defendant issued a subpoena for documents to Navient and then on October 17, it issued a subpoena for testimony to Navient. Plaintiff expected to participate in the deposition and even assisted Experian in getting Navient to respond to the subpoena. On November 1, 2019, Plaintiff's counsel contacted Navient's counsel to ask if they would accept service of a cross subpoena for testimony. But Navient's lawyer refused to accept service of Plaintiff's subpoena and told Plaintiff's counsel that the deposition had been canceled. This tactic thus necessitated Plaintiff seeking an extension so that Navient could not object to the formal service of the subpoena on the grounds that it was not given sufficient time to respond. After the Court granted the motion for an extension of fact discovery and Plaintiff served the subpoena, Navient's counsel called Plaintiff's counsel and agreed to produce the documents. Plaintiff's counsel then agreed to use the documents and testimony from the *Haas* matter to save everyone time and money. Contrary to Experian's claim, the *Haas* documents are the very "policies" Plaintiff's counsel stated were needed to translate the codes used in Navient's voluntary production to Experian. Furthermore, the deposition transcripts show a Navient witness decoding SCHL TYPES and 1098 eligibility as they relate to determining whether a student debt is dischargeable in bankruptcy. This is precisely what Plaintiff represented to the Court he needed to obtain and precisely what the subpoena sought:

1. Documents sufficient to identify Your policy and procedure for determining whether loans made to non-Title IV schools were discharged, or were to be treated as discharged, after receipt of a bankruptcy discharge.

2. Documents sufficient to identify Your policy and procedure for determining whether loans were discharged, or were to be treated as discharged, after receipt of a bankruptcy discharge depending on the "SCHL TYPE/1098E."



December 12, 2019
Page 3

This entire charade could have been avoided if Experian had simply taken Navient's deposition on November 12, 2019 as it told Plaintiff it intended to do. Defendant got what it wanted from Navient, but now cries foul when Plaintiff obtained what it wanted. If Experian wants to examine Navient to understand the information Navient failed to voluntarily provide in its initial production, it should do so. Plaintiff's counsel in fact told Experian's counsel both on the meet-and-confer on December 6 and by follow up email that it should simply reschedule Navient's deposition if it felt prejudiced in some way. Experian refused.

### In any event, there is no evidence submitted to be moved in limine against

Even if the Court were to entertain Defendant's request, there is no context for adjudicating a motion in limine because Plaintiff has not sought to introduce any evidence.[2] As noted above, the information that Navient produced is relevant. But the Court cannot determine the evidentiary basis or context yet because no one has sought to introduce it. It is certainly possible, though, that Navient's business records and testimony may end up being used either to cross examine Defendant's witnesses who make assertions about Navient's policies, to rebut Defendant's assertion that it properly relies on Navient, or to show Navient's knowledge or willfulness. In any event, even if the Court were to determine that it is hearsay, it may still be used to defend against any forthcoming summary judgment motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."); *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) ("Here, the documents in question could readily be reduced to admissible form at trial through the testimony of the defendant officers as to the underlying events in question.").

The best resolution is for Experian to depose Navient. Plaintiff's counsel will participate in order to ensure that Navient does not leave anything out.

Respectfully Submitted,

*/s/ Adam R. Shaw*

Adam R. Shaw

---

[2] *Wechsler v. Hunt Health Systems, Ltd.*, 2003 WL 21998985, at *3 (S.D.N.Y. 2003) ("[T]he Court agrees with plaintiff that it is premature for the Court to preclude plaintiff from offering [documents] into evidence based on defendants' allegation that these documents are inadmissible as hearsay. Not only has plaintiff not indicated whether he will indeed seek to move these documents into evidence, but perhaps more importantly, the Court is unaware of the purpose for which plaintiff would move these documents into evidence…").