USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
MICHAEL MADER, :
                                   Plaintiff, :
: 19 Civ. 3787 (LGS)
              -against- :
: **OPINION AND ORDER**
EXPERIAN INFORMATION SOLUTIONS, :
LLC, :
                                  Defendant. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Michael Mader brings this putative class action against Defendant Experian Information Solutions, LLC. The Complaint alleges that, by failing to use reasonable procedures to ensure maximum possible accuracy of his credit report, Defendant negligently and willfully violated the Federal Credit Reporting Act ("FCRA") and New York's credit reporting law. Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant's motion is granted in part and denied in part.

I. **BACKGROUND**

    The facts below are taken from the Complaint and documents attached to it or incorporated by reference. *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019). The allegations are assumed to be true and construed in favor of the non-movant Mader, for purposes of this motion only. *Id*.

    In March 2008, Plaintiff incurred a loan from Sallie Mae, a government-sponsored loan issuer, to attend, and pay expenses while attending, the Reformed Theological Seminary. The loan was assigned to Navient (the "Navient Loan" or "Loan"). In December 2012, Plaintiff filed

for personal bankruptcy in the United States Bankruptcy Court for the Southern District of New York.

On April 16, 2013, the bankruptcy court entered an order discharging all of Plaintiff's pre-petition debt (the "Discharge Order"). The Discharge Order stated: "IT IS ORDERED THAT: 1. The Debtor is released from all dischargeable debts." In a section of the Discharge Order titled "Explanation of Bankruptcy Discharge in a Chapter 7 Case," the order provides that "[m]ost, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed," but that "[s]ome of the common types of debts which are not discharged in a chapter 7 bankruptcy case are: . . . c. Debts for most student loans." The section concludes by stating that "[t]his information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case."

Navient and Defendant both received notice of the Discharge Order. Federal and state law both define Defendant as a consumer reporting agency ("CRA") that prepares credit reports. Defendant treats all student loans the same upon receipt of credit information from the lender and codes them all as non-discharged after a consumer obtains a general discharge in bankruptcy. Upon receipt of Plaintiff's information from lenders, including Navient, Defendant prepared Plaintiff's credit report, describing the Navient Loan as an "account charged off," with an outstanding balance and a past due balance.[1] In reality, however, some student loans are eligible for discharge. The Discharge Order, federal bankruptcy law, bankruptcy and appellate

---

[1] "A 'charge off' is an accounting designation for a loan that is deemed uncollectible because it is so far past due." *Murphy v. Equifax Info.*, No. 12 Civ. 6409, 2013 WL 6562860, at *3 n.2 (E.D.N.Y. Dec. 13, 2013).

2

courts across the country, media outlets, Sallie Mae and Navient all acknowledge this fact. The Navient Loan is a type of student loan that is discharged after a Chapter 7 bankruptcy.

Defendant's reporting practice has injured Plaintiff by decreasing his credit score, and harming his reputation as someone who can manage his finances. At least eight potential creditors have reviewed Plaintiff's credit report and been wrongly informed that Plaintiff is currently in default of the Navient Loan.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

## III. DISCUSSION

The Complaint sufficiently states claims for Defendant's negligent violation of the FCRA and New York's credit reporting law, but fails to state claims for Defendant's willful violation of

these laws, which the Complaint asserts as separate causes of action. The motion to dismiss is therefore granted in part and denied in part.

### A. Legal Standards

"'The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute.'" *Wenning v. On-Site Manager, Inc.*, 14 Civ. 9693, 2016 WL 3538379, at *8 (S.D.N.Y. June 22, 2016) (quoting *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 472 (2d Cir. 1995)). The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). New York's credit reporting law has nearly identical language as this provision, and the Second Circuit has advised that "the[se] two statutes must be construed in the same way." *Scott v. Real Estate Fin. Grp.*, 183 F.3d 97, 100 (2d Cir. 1999); *see also Ritchie v. Northern Leasing Systems, Inc.*, 14 F. Supp. 3d. 229, 234 (S.D.N.Y. 2014).[2] A plaintiff who prevails on a negligence claim is entitled to actual damages and costs, while prevailing on a willfulness claim entitles the plaintiff to either actual or statutory damages, punitive damages and costs. *See Wenning,* 2016 WL 3538379, at *8 (citing 15 U.S.C. §§ 1681o, 1681n).

"The elements of a *negligence* claim under [the FCRA, § 1681e(b)] are '(1) inaccuracy, (2) failure to follow reasonable procedures, (3) actual damages, and (4) causation.'" *Wilson v. Corelogic SafeRent, LLC*, 14 Civ. 2477, 2017 WL 4357568, at *3 (S.D.N.Y. Sept. 29, 2017) (emphasis in original) (internal quotation omitted). A willfulness claim has the additional

---

[2] As the parties do not dispute this, the Court construes the New York credit reporting law the same as the FCRA.

element of a knowing or reckless failure to follow reasonable procedures. *Feliciano v. CoreLogic Rental Prop. Solutions, LLC*, 332 F.R.D. 98, 105 (S.D.N.Y. 2019) (internal quotation omitted).

**B.     Inaccuracy**

The Complaint sufficiently pleads that Defendant prepared Plaintiff's credit report with an inaccuracy. The Complaint alleges that that the Navient Loan is dischargeable in bankruptcy because the Reformed Theological Seminary is not a Title IV institution, and student loans for non-Title IV accredited institutions are dischargeable in bankruptcy. *See also generally* 11 U.S.C. § 523(a)(8)(B). The Discharge Order, incorporated by reference in the Complaint, in turn states that "IT IS ORDERED THAT: 1. The Debtor is released from all dischargeable debts." The Discharge Order accordingly discharged the Navient Loan. The Complaint therefore sufficiently alleges that Defendant's credit report, which describes the Navient Loan as outstanding and with a past balance due, is inaccurate.

Defendant argues that the Complaint pleads only a dispute about the legal effect of the Discharge Order on the Navient Loan, not a factual inaccuracy. This misconstrues the Complaint. Defendant is correct that "multiple circuits," although not the Second Circuit, "have held that the FCRA does not require a CRA . . . to adjudicate disputed debts." *Padgett v. Clarity Serv.*, 18 Civ. 1918, 2018 WL 6628274, at *3 (M.D. Fla. Dec. 13, 2018) (collecting cases from circuits). But the Complaint does not plead that the Loan is disputed; it pleads that the Discharge Order discharged the Navient Loan -- a fact that the credit report does not accurately report.

Relatedly, Defendant objects that Plaintiff should have brought this complaint as an adversary proceeding in bankruptcy court or through a request for Defendant to reinvestigate the

5

status of the Navient Loan.³ Whether or not Plaintiff could take such approaches does not change that the Complaint still adequately pleads a factual inaccuracy in Defendant's report and Defendant's corresponding obligation to use reasonable procedures to ensure maximum possible accuracy of its credit reports. *See e.g.*, *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (stating that § 1681e(b) "creates an obligation on the part of the [CRA] to ensure the preparation of accurate reports independent from § 1681i's reinvestigation requirement.").

Defendant also seems to suggest that student loans are dischargeable as a matter of law, citing a Second Circuit decision from 1987. *See Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987). In *Brunner*, the Second Circuit stated that "[w]hether not discharging [plaintiff's] student loans would impose on her 'undue hardship' under [the statute] requires a conclusion regarding the legal effect of the bankruptcy court's findings as to her circumstances." *Id*. at 396. The undue hardship analysis is different from whether federal law defines a student loan as dischargeable or non-dischargeable, so this case is inapposite.

Finally, Defendant contends that the Complaint pleads no facts that the Discharge Order actually discharged the Navient Loan. This is also incorrect. The plain language of the Discharge Order states that "IT IS ORDERED THAT: 1. The Debtor is released from all dischargeable debts." As discussed above, the Complaint pleads facts showing that the Navient Loan was dischargeable, and indeed, discharged. A separate section of the Order acknowledges that "the law is complicated [and the reader] may want to consult an attorney to determine the exact effect of the discharge in this case." But this language does not affect that "[t]he Debtor is

---

³ Under the FCRA, consumers may dispute information with the CRA, who must then conduct a reinvestigation. *See* 15 U.S.C. § 1681i(a).

released from all dischargeable debts." It merely advises that a lay person may have difficulty determining whether a particular debt is discharged.

  **C.**  **Reasonable Procedures**

The Complaint sufficiently pleads that Defendant negligently failed to follow reasonable procedures to ensure the accuracy of its credit report about Plaintiff. "Assessing reasonableness [of a CRA's procedures] generally requires 'balancing the potential harm from inaccuracy against the burden on the agency of safeguarding against such inaccuracy.'" *Wenning*, 2016 WL 3538379, at *16 (quoting *Houston v. TRW Information Serv., Inc.*, 707 F. Supp. 689, 693 (S.D.N.Y. 1989)).

The Complaint sufficiently alleges that Defendant was on notice that the Navient Loan could have been discharged. Therefore, the failure to have a procedure in place to distinguish between the types of student loans that are dischargeable and those that are not is negligent. First, the Complaint alleges that it is widely known that the default rule in bankruptcy law is that all pre-petition debts are discharged, unless a specific exception applies, and that bankruptcy and appellate courts have articulated this rule, as have several popular media outlets. The Discharge Order itself states that "[m]ost, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed." Second, the Complaint alleges that Sallie Mae and Navient, lenders that regularly communicate with CRAs like Defendant, are aware that certain types of student loans are dischargeable in bankruptcy. The Complaint also pleads a facially reasonable procedure that Defendant could have, but failed to undertake, to safeguard against inaccurate reporting about discharged student loans -- directing lenders, when they provide credit information to Defendant, to report student loans as either dischargeable or non-dischargeable. Whether or not this alternative procedure would in fact have been reasonable is not addressed at

this stage. *See Hu v. City of New York*, 927 F.3d at 88 (on a motion to dismiss, the facts alleged in the Complaint are assumed to be true and construed in favor of the non-movant).

Defendant argues that it merely relied on and reported incorrect information provided by Navient. However, the Complaint is ambiguous as to whether Navient treated the loan as non-dischargeable and inaccurately communicated to Defendant that the loan was non-dischargeable. Construing the Complaint in favor of Plaintiff as required, Navient did not misinform Defendant about the dischargeability of Plaintiff's loan. In any event, reliance on a third party's inaccurate information does not render a defendant's procedures per se reasonable. *See Wilson*, 2017 WL 4357568, at *4 (holding that a CRA may still be negligent even if the content of its credit reports is based on information from a reliable agency). "To accept [the] argument that [a CRA's] reliance on information obtained from a governmental agency, regardless of context, categorically insulates the CRA from liability, would severely undermine FCRA's remedial purpose." *Wilson*, 2017 WL 4357568, at *4; *cf. Cortez v. Trans Union, LLC*, 617 F.3d 688, 710 (3d Cir. 2010) ("Congress surely did not intentionally weave an exception into the fabric of the FCRA that would destroy its remedial scheme by allowing a credit reporting agency to escape responsibility for its carelessness whenever misleading information finds its way into a credit report through the agency of a third party.").

In contrast to the negligence claims, the willfulness claims are dismissed because the Complaint does not sufficiently plead that Defendant knowingly or recklessly failed to follow reasonable procedures. The conclusory allegation that Defendant in fact knew the Navient Loan was discharged, but nevertheless reported that the loan was not discharged does not save the willfulness claims from dismissal. *See Siegel v. HSBC North America Holdings, Inc.*, 933 F.3d 217, 222 (2d Cir. 2019) (Courts are not "bound to accept conclusory allegations . . .

8

masquerading as factual conclusions.") (internal quotation omitted). "[T]o constitute reckless disregard . . . a CRA's interpretation of its statutory duties must be 'objectively unreasonable.'" *Frydman v. Experian Information Solutions, Inc.*, No. 14 Civ. 9013, 2016 WL 11483839, at *16 (S.D.N.Y. Aug. 11, 2016) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007)). A complaint pleads objective unreasonableness when it includes facts showing that a CRA failed to follow plainly evident information. *See Jones v. Halstead Management Co. LLC*, 81 F. Supp. 3d 324, 333 (S.D.N.Y. 2015) (holding that CRA acted willfully because it failed to follow the plain meaning of the statute).

Here, the Complaint does not plead facts showing that it was "plainly evident" that the Reformed Theological Seminary was not a Title IV institution, or that the Navient Loan was therefore discharged. There is a presumption against dischargeability of student loans, *see In re Traversa*, 444 F. App'x 472, 473 (2d Cir. 2011) (recognizing "the statutory presumption against a student loan discharge…"), and the Complaint admits that certain student loans are not discharged in bankruptcy. Moreover, the Discharge Order, incorporated by reference into the Complaint, acknowledges that "[s]ome of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are: . . . c. Debts for most student loans."

### D. Actual Damages and Causation

The Complaint sufficiently pleads that the inaccurately reported Navient Loan caused Plaintiff actual damages. Defendant's credit report discloses Plaintiff's 2012 bankruptcy filing, but gives the false impression that the Navient Loan survived the bankruptcy discharge, that Plaintiff continued to default on the still outstanding post-bankruptcy loan, and that Navient finally wrote off the loan as uncollectable in March 2019. At least eight potential creditors reviewed Plaintiff's credit report and were wrongly informed that Plaintiff is currently in default

of the Navient Loan. This resulted in a in reputational injury to Plaintiff by portraying him as someone who could not manage his finances even after bankruptcy. "[A] plaintiff can establish damages [even] when there was no credit denial, as long as they can provide that creditors became aware of the inaccurate information." *Wenning*, 2016 WL 3538379, at *20 (internal quotation omitted); *see also Casella v. Equifax Credit Information Serv.*, 56 F.3d 469, 474 (2d Cir. 1995) (noting that "'actual damages' may include humiliation and mental distress, even in the absence of out-of-pocket expenses."). No further damages allegations are required at this stage.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Counts I and III (the Federal and state negligence claims) survive dismissal. Counts II and IV (the Federal and state willfulness claims) are dismissed.

Dated: January 17, 2020
      New York, New York

                                                LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE