UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL MADER,                                     :
                                  Plaintiff,       :
                                                   :            19 Civ. 3787 (LGS)
                    -against-                      :
                                                   :        **OPINION AND ORDER**
EXPERIAN INFORMATION SOLUTIONS,                    :
LLC,                                               :
                                  Defendant.       :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Michael Mader brings this putative class action against Defendant Experian

Information Solutions, LLC.  Plaintiff alleges that, by failing to use reasonable procedures to

ensure maximum possible accuracy of his credit report, Defendant negligently and willfully

violated the Federal Credit Reporting Act ("FCRA") and New York's credit reporting law.

Defendant has filed a motion for summary judgment as to both claims.  For the reasons herein,

the motion is granted.

**I.    BACKGROUND**

    The facts below are undisputed.  Mader is a consumer under 15 U.S.C. § 1681a(c) and

Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).  In February 2008,

Mader signed and submitted an application and executed a promissory note to obtain funding

from Sallie Mae to attend Reformed Theological Seminary (the "Navient Loan").[1]  The Navient

Loan was made under a program that also makes Stafford Loans, which are guaranteed or funded

by nonprofits (including governmental units) under the Federal Family Education Loan Program.

---
[1] The Navient Loan was assigned to Navient Corporation after Sallie Mae changed its name.

The promissory note for the Navient Loan contains the following language in bold lettering:

> <u>Not Dischargeable</u> – **I understand that this loan is an educational loan and is made under a program that includes Stafford Loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is a qualified education loan as described in Section 221(d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. § 221(d)(1), and is not dischargeable in bankruptcy, except pursuant to 11 U.S.C. § 523(a)(8).**

Mader testified at his deposition that he understood the term "non-dischargeable" in the promissory note to mean that "when I filed for bankruptcy, this loan would not be dischargeable."  The Navient Loan funds were disbursed in March 2008.

In December 2012, Mader filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of New York.  After the bankruptcy proceedings concluded, the Navient Loan was still reflected on Mader's credit report.

## II.  STANDARD

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is no genuine dispute as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transportation Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

## III.    DISCUSSION

"'The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute.'"  *Wenning v. On-Site Manager, Inc.*, 14 Civ. 9693, 2016 WL 3538379, at *8 (S.D.N.Y. June 22, 2016) (quoting *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 472 (2d Cir. 1995)).  The FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  As New York's credit reporting law has nearly identical language as in this provision, the Second Circuit has advised that "the[se] two statutes must be construed in the same way."  *Scott v. Real Estate Fin. Grp.*, 183 F.3d 97, 100 (2d Cir. 1999); *see also Ritchie v. Northern Leasing Sys.*, *Inc.*, 14 F. Supp. 3d. 229, 234 n.1 (S.D.N.Y. 2014).[2]  A plaintiff who prevails on a negligence claim is entitled to actual damages and costs, while prevailing on a willfulness claim entitles the plaintiff to either actual or statutory damages, punitive damages and costs.  *See Wenning*, 2016 WL 3538379, at *8 (citing 15 U.S.C. §§ 1681o, 1681n).

"The elements of a *negligence* claim under [the FCRA, § 1681e(b)] are '(1) inaccuracy, (2) failure to follow reasonable procedures, (3) actual damages, and (4) causation.'"  *Wilson v. Corelogic SafeRent, LLC*, 14 Civ. 2477, 2017 WL 4357568, at *3 (S.D.N.Y. Sept. 29, 2017) (emphasis in original) (internal quotation marks omitted).  A willfulness claim has the additional element of a knowing or reckless failure to follow reasonable procedures.  *Feliciano v. CoreLogic Rental Prop. Sols.*, *LLC*, 332 F.R.D. 98, 105 (S.D.N.Y. 2019) (internal quotation omitted).

---

[2] The parties confirm that this is the correct approach.

Mader argues that his Experian credit report inaccurately listed his discharged Navient Loan as owing and delinquent.  The motion for summary judgment is granted because, based on the undisputed facts, Plaintiff's credit report was not inaccurate.

Section 727(b) of the Bankruptcy Code provides that a bankruptcy discharge order "discharges the debtor from all debts that arose before the date of the order" unless the debt is exempted from discharge under 11 U.S.C. § 523.  11 U.S.C. § 727(b).  Debts that fall under section 523(a)(8) are not discharged in bankruptcy "unless excepting such debt from discharge . . . would impose an undue hardship."  11 U.S.C. § 523(a)(8).

Section 523(a)(8) includes two subsections listing the debts exempted from discharge absent undue hardship.  Subsection (A) encompasses debts for "(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a government unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend."  11 U.S.C. § 523(a)(8)(A).  Subsection (B) encompasses debts for "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual."  11 U.S.C. § 523(a)(8)(B).  "[E]xceptions to [bankruptcy] discharge 'should be confined to those plainly expressed,' and construed narrowly against the creditor."  *In re Campbell*, 547 B.R. 49, 54 (Bankr. E.D.N.Y. 2016) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

In *In re O'Brien*, the plaintiff-appellant-debtor received a private loan that was guaranteed by a not-for-profit corporation.  *In re O'Brien*, 419 F.3d 104, 105 (2d Cir. 2005). The Second Circuit affirmed the District Court's determination that the loan was non-dischargeable under subsection 523(a)(8)(A)(i).  *Id*.  The panel explained that "[§] 523(a)(8)

does not require that [the nonprofit] fund [the plaintiff's] loan in order for that section to be applicable.  Rather, § 523(a)(8) requires only that [the plaintiff's] loan 'was made under any program funded in whole or in part by' [a government unit or nonprofit institution]." *Id.* at 106 (quoting 11 U.S.C. § 523(a)(8)(A)(i)).

Courts following *O'Brien* have found that, as long as a private loan is made under a program funded in part by a nonprofit or governmental unit, it is non-dischargeable under subsection 523(a)(8)(A)(i).  *See In re Golden*, 596 B.R. 239, 266 (Bankr. E.D.N.Y. 2019) ("Courts have interpreted *O'Brien* to hold that a loan may be exempt from discharge under Bankruptcy Code Section 523(a)(8)(A)(i) where 'the nonprofit entity played any meaningful party in procurement of the loans under the program.'" (quoting *In re Page*, 592 B.R. 334, 337 (8th Cir. BAP 2018))); *In re Holguin*, 609 B.R. 878, 885-86 (Banrk. D.N.M. 2019) (citing *O'Brien* and stating that "[i]t is not necessary for the nonprofit institution to have funded the loan at issue for the discharge exception to apply. . . . The nonprofit need only have funded the loan *program* in part, for the discharge exception to apply.") (emphasis in original); *Jean-Baptiste v. Educ. Credit Mgmt. Corp.*, 584 B.R. 574, 585 (Bankr. E.D.N.Y. 2018) ("The protection accorded educational loans under § 523(a)(8)(A)(i) extends to private loans provided the overall loan program pursuant to which such loans were issued received non-profit funding.").

It is undisputed that the Navient Loan was made under a program that also makes Stafford Loans, which are guaranteed or funded by nonprofits (including governmental units) under the Federal Family Education Loan Program.  The Navient Loan was therefore made "under [a] program funded . . . in part by a government unit or nonprofit institution."  11 U.S.C. § 523(a)(8)(A)(i).  The Navient Loan is thus non-dischargeable and can only be discharged on a showing of undue hardship.  As Plaintiff made no such showing, the Navient Loan was not

5

discharged in bankruptcy.  The Navient Loan on Plaintiff's credit report was therefore not an inaccuracy.  The motion for summary judgment is accordingly granted.  *See Jean-Baptiste*, 584 B.R. at 584 (finding that the plaintiff's private loan to attend law school was non-dischargeable under § 523(a)(8)(A)(i) because it was made under a program funded in part by nonprofit institutions).

Plaintiff argues that it remains disputed whether the Navient Loan was made under a program funded in part by nonprofits or governmental units.  To prove that a dispute exists, Plaintiff offers his own declaration stating that (1) he understood the Navient Loan to be a private loan that was not made or guaranteed by a government or non-profit; (2) he understood the Reformed Theological Seminary not to be a Title-IV School under the Higher Education Act; and (3) his graduate program was not an internship or residency.

Even when construed in Plaintiff's favor, this evidence does not create a triable issue of fact to counter Defendant's evidence that the Navient Loan was made under a program funded in part by nonprofits or governmental units.  First, the declaration has no probative value because the test is an objective one, and does not depend on Plaintiff's understanding.[3]  Second, Defendant offers a declaration from a senior Navient employee attesting that the Navient Loan was made under a program that "also makes Stafford loans, which are guaranteed or funded by non-profits (including governmental units) under the Federal Family Education Loan Program."  Plaintiff offers no evidence to counter that objective fact.

---

[3] Defendant also introduces as evidence the Navient Loan's promissory note, which states: "Not Dischargeable – **I understand that this loan is an educational loan and is made under a program that includes Stafford Loans and other loans and which is funded in part by non-profit organizations, including governmental units**."  And Defendant introduces evidence of Plaintiff's testimony stating that he understood this provision to mean that "when I filed for bankruptcy, this loan would not be dischargeable."

Relatedly, Plaintiff appears to argue that because Defendant does not identify the program that made the Navient Loan or the specific governmental unit or nonprofit that provided funding to the program, the evidence is insufficient.  Plaintiff, however, does not show that the law requires more specificity than Defendant offers.  Neither non-binding case that Plaintiff cites stands for this proposition.  *In re Page* is a decision by the Bankruptcy Appellate Panel of the Eighth Circuit finding that a private loan was an "educational loan" under § 523(a)(8) and that there was insufficient evidence to establish on summary judgment that a nonprofit funded the relevant loan program.  *In re Page*, 592 B.R. 334, 336-39 (8th Cir. BAP 2018).  The Bankruptcy Court for the District Court of Maine stated in *In re Wiley* that the bank-creditor "do[es] not identify the program under which the [loans] were extended."  *In re Wiley*, 579 B.R. 1, 6 (Bankr. D. Me. 2017).  But it denied summary judgment because the bank-creditor established that the nonprofit only guaranteed the loan program and "[t]he existence of a guarantee from a nonprofit is not, by itself, enough" to establish that the debt is non-dischargeable under subsection 523(a)(8)(A)(i).  *Id*. at 6-7.  Plaintiff's remaining unsupported assertions that the Navient Loan is not part of the same program that made Stafford Loans cannot be accepted in light of Defendant's admissible evidence to the contrary.[4]

---

[4] Defendant's declarant attests that "[t]he Loan was made under a program that was funded, in part, by non-profit organizations, including governmental units.  Specifically, in additional to making private loans, that program also makes Stafford loans, which are guaranteed or funded by nonprofits (including governmental units) under the Federal Family Education Loan Program."  The Navient Loan, which is an EXCEL Grad Loan, states: "EXCEL Grad Loans are flexible, private education loans sponsored by Nellie Mae that complement the Federal Stafford Loan program.  They are designed for graduate and professional students who have borrowed their maximum Federal Stafford Loan amounts but still have remaining expenses."  The promissory note connected to the Navient Loan states: "I understand that this loan is an education loan and is made under a program that includes Stafford Loans and other loans and which is funded in part by non-profit organizations, including governmental units."  Plaintiff does not dispute these facts.  As Plaintiff fails to show that these facts are genuinely disputed, the failure to expressly

Plaintiff also argues that, even if the Navient Loan was made under a program that makes loans guaranteed or funded by nonprofits or governmental units, the Navient Loan does not fall under subsection 523(a)(8)(A)(i) because it was solely a private loan and not connected to public or nonprofit funds.  This is not a correct statement of the law.  *See O'Brien*, 419 F.3d at 106 ("[Section] 523(a)(8) requires only that [the plaintiff's] loan 'was made under any program funded in whole or in part by' [a government unit or nonprofit institution]."); *Jean-Baptiste*, 584 B.R. at 585 ("The protection accorded educational loans under § 523(a)(8)(A)(i) extends to private loans provided the overall loan program pursuant to which such loans were issued received non-profit funding.").

Finally, Plaintiff argues that even if the Navient Loan falls under subsection 523(a)(8)(A)(i), it remains disputed whether the loan falls under subsection 523(a)(8)(B).  This argument misunderstands how the bankruptcy provision functions.  It does not require that a debt be non-dischargeable under both subsections.  Rather, as long as a debt is non-dischargeable under one of the subsections, and there is no showing of undue hardship, the debt is not discharged in bankruptcy.

## IV.     CONCLUSION

For the reasons stated herein, Defendant's motion for summary judgment is granted.  The Clerk of Court is respectfully directed to close docket numbers 43 and 54 and to close this action.

SO ORDERED

Dated: July 24, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

identify the loan program that is funded in part by a nonprofit or governmental unit is not a basis to deny summary judgment.