```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MICHAEL MADER,                                              :
                                    Plaintiff,              :
                                                            :    19 Civ. 3787 (LGS)
             -against-                                      :
                                                            :    ORDER
EXPERIAN INFORMATION SOLUTIONS,                             :
LLC,                                                        :
                                    Defendant.  X
------------------------------------------------------------
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 7, 2020, Plaintiff filed a Motion for Reconsideration and accompanying Memorandum of Law (Dkt. 81) seeking reconsideration of this Court's Opinion and Order issued on July 24, 2020 (the "Opinion") granting Defendant's Motion for Summary Judgment, *Mader v. Experian Info. Solutions, LLC*, 2020 WL 4273813 (S.D.N.Y. 2020);

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

1

court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, "[i]t is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (citing *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)); *see also Tonga Partners*, L.P., 684 F.3d at 52.

WHEREAS, Plaintiff argues that Navient, the entity that issued Plaintiff's loan (the "Navient Loan"), "is not a governmental unit and is not a nonprofit institution." The Opinion did not find to the contrary and based its holding on a different exemption from bankruptcy discharge. *See Mader*, 2020 WL 4273813 at *1 n.1;

WHEREAS, Plaintiff disputes the Opinion's holding that the Navient Loan is non-dischargeable because it "was made under a program that also makes Stafford Loans, which are guaranteed or funded by non-profits (including governmental units) under the Federal Family Education Loan Program" ("FFELP"). Plaintiff creates a straw man by mischaracterizing the Opinion and then refuting its false proposition; Plaintiff incorrectly asserts that the Opinion held that "the private Excel Grad Loan [i.e., the Navient Loan] was part of the FFELP Program." Dkt. 81 at 8. Plaintiff then argues that for various reasons FFELP does not include the private Navient Loan. Plaintiff did not previously make this argument and cannot raise it now. In any event, while this assertion is true, it is not probative of whether the Navient loan was made by a program funded in part by a non-profit or governmental unit.

Plaintiff further argues that specificity is required when interpreting the term "program under the Bankruptcy Code" and Defendant's declaration in support of summary judgment did

not sufficiently identify the program at issue.  This argument was considered and rejected because Plaintiff did "not show that the law requires more specificity than Defendant offers." *Mader*, 2020 WL 4273813 at *3.  Plaintiff relatedly asserts that the proof is disputed as to what federally funded program made the loan at issue.  This argument misunderstands the Opinion, which did not find that any federally funded program made the loan at issue.

Plaintiff further alludes to the language in the promissory note, which states that the loan is "made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units," and argues that the promissory note's assertion does not make it so.  This argument was considered on the summary judgment motion and, although the language in the promissory note it is consistent with, and circumstantially supportive of, the Opinion, this language was not a basis for the Opinion's holding.  *See id.* at *3-4.

WHEREAS, Plaintiff relatedly argues that the Court appeared to use this language from the promissory note as evidence to support that the loan was nondischargeable in bankruptcy and that it is against public policy to use a promissory note to concede nondischargeability.  The promissory note was referenced in a footnote to comment on Plaintiff's understanding of the loan, not as substantive evidence of the dischargeability of the loan.  *See id.* at *3 n.3;

WHEREAS Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice; it is hereby

ORDERED that Plaintiff's Motion for Reconsideration is DENIED. The Clerk of Court is respectfully directed to close the open motion at Dkt. 81.

Dated:  September 3, 2020
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE