UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                        :
MICHAEL MADER,                                :
                             Plaintiff,     :
                                                         :           19 Civ. 3787 (LGS)
                        -against-                      :
                                                         :                 <u>ORDER</u>
EXPERIAN INFORMATION SOLUTIONS, LLC, et al., :
                                        Defendants.   :
------------------------------------------------------------- X

       WHEREAS, on February 18, 2021, Plaintiff filed his Motion for Indicative Ruling along with exhibits and a Motion to Seal those exhibits. Dkt. Nos. 100, 102, 107. Plaintiff's memorandum of law in support of the Motion to Seal states that non-party Navient has designated the exhibits Plaintiff seeks to file (the "Navient Exhibits") under seal as "confidential" because "they contain confidential information concerning Navient's business practices regarding credit reporting on private student loans to non-Title IV schools." Dkt. No. 102.

       WHEREAS, although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

       WHEREAS, the privacy interest of a nonparty is a "venerable common law exception to presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). However, the person or entity seeking to file a document under seal has the "burden to establish through competent evidence, that [exhibits] . . . reveal trade secrets or other confidential business information, the disclosure of which would cause . . . clearly defined and serious harm." *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017) (internal alteration omitted).

       WHEREAS, the Court's Individual Rule I.D.3 addresses the procedures that must be followed regarding requests to file documents under seal or in redacted form. It is hereby

       **ORDERED** that, Plaintiff shall identify the Navient Exhibits to Navient by **March 8, 2021**. By **March 12, 2021**, Navient shall file a letter stating whether it seeks to seal or redact any of the Navient Exhibits under the

foregoing legal principles. In that letter, Navient shall specify, for each exhibit, whether Navient requests that the document be sealed or redacted, the basis for the request and what harm Navient will suffer if that document is not filed under seal or in redacted form. If a document contains some information that does not require confidential treatment, nonparty Navient shall request to redact rather than seal that document and submit proposed redactions in compliance with Individual Rule I.D.3.

Dated: March 5, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**