UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                                               :
MICHAEL MADER,                                            :
                                      Plaintiff,                  :
                                                               :            19 Civ. 3787 (LGS)
                          -against-                           :
                                                                :                 <u>ORDER</u>
EXPERIAN INFORMATION SOLUTIONS, LLC, et al., :
                                            Defendants.      :
------------------------------------------------------------- X

        WHEREAS, on February 18, 2021, Plaintiff filed his Motion for Indicative Ruling along with exhibits and a Motion to Seal those exhibits. Dkt. Nos. 100, 102, 107. Plaintiff's memorandum of law in support of the Motion to Seal states that non-party Navient has designated the exhibits Plaintiff seeks to file (the "Navient Exhibits") under seal as "confidential" because "they contain confidential information concerning Navient's business practices regarding credit reporting on private student loans to non-Title IV schools." Dkt. No. 102.

        WHEREAS, although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

        WHEREAS, the privacy interest of a nonparty is a "venerable common law exception to presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). However, the person or entity seeking to file a document under seal has the "burden to establish through competent evidence, that [exhibits] . . . reveal trade secrets or other confidential business information, the disclosure of which would cause . . . clearly defined and serious harm." *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017) (internal alteration omitted).

        WHEREAS, on March 5, 2021, the Court directed Navient file a letter stating whether it seeks to seal or redact any of the Navient Exhibits under the foregoing legal principles. Dkt. No. 112.

        WHEREAS, on March 12 and 17, 2021, Navient filed letters pursuant to the Court Order. Dkt. Nos. 116, 119. In these letters, Navient requests that Navient Exhibits B, C and H be filed in redacted form. Navient

requests that Navient Exhibits E, F and G be filed under seal. Navient does not request that Navient Exhibit D be filed under seal or in redacted form. Navient argues that redactions are necessary for Navient Exhibits B and C to protect information regarding Navient's business structure, business practices and identities of employees. Navient argues that Navient Exhibit E should be filed under seal because it contains confidential business information related to private student loans serviced by Navient and coding used within Navient's CLASS student loan servicing system. Navient argues that Navient Exhibit F should be filed under seal because it contains confidential business information relating to credit and origination policies for loans currently serviced by Navient. Navient argues that Navient Exhibit G should be filed under seal because it consists of confidential business information relating to internal sales practices for loans currently serviced by Navient. Navient argues that Navient Exhibit H should be filed in redacted form because it contains the social security number of Plaintiff and other financial account information. Navient argues that if Navient Exhibits B, C and H are not filed with redactions and Navient Exhibits E, F and G are not filed under seal, it will suffer harm to its competitive advantage in the marketplace and/or may compromise its data security.

WHEREAS, on March 17, 2021, Plaintiff filed a letter responding to Navient's letters. Plaintiff argues that Navient Exhibits B, C and H should not be filed in redacted form and Navient Exhibits E, F and G should not be filed under seal because they do not contain information that would have competitive relevance and the subject matter of the Navient Exhibits have been disclosed in Navient's own public filings. However, Plaintiff agrees that his personal identifying information, in Exhibit H, should be redacted. It is hereby

**ORDERED** that, Navient's application is **GRANTED** and by **March 24, 2021**, Plaintiff shall file Navient Exhibits B, C and H in redacted form and shall file Navient Exhibits E, F and G under seal. Plaintiff shall file Exhibit D in public view. The redactions in Navient Exhibits B, C and H are narrowly tailored and contain information about Navient's business practices that competitors might use to gain a competitive advantage because they will have access to information about the way Navient manages its loans that they would not otherwise have access to. One redaction in Navient Exhibit H contains the personal identifying information of the Plaintiff which should not be made available to the public. Navient Exhibits E, F and G should be filed under seal because they contain confidential business information, identified above, that competitors might be able to use to offer better terms to consumers or to more easily analyze Navient's financial statements. By contrast, the public's

interest in the confidential information in the Navient Exhibits is minimal, and Plaintiff has not argued otherwise. Plaintiff's argument that the subject matter of Navient Exhibits have been disclosed in Navient's own public filings is not persuasive. That Navient's public filings discuss their loan programs in some general sense does impact the confidentiality of specific aspects of that loan program or of particular loans.

The parties are advised that the Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

The Clerk of Court is respectfully directed to close the open motions at Dkt. Nos. 102, 116 and 119.

Dated: March 22, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE