```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MICHAEL MADER,                               :
                              Plaintiff,     :
                                             :                19 Civ. 3787 (LGS)
            -against-                        :
                                             :                **OPINION AND ORDER**
EXPERIAN INFORMATION SOLUTIONS,              :
LLC,                                         :
                                             :
                              Defendant.     :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Michael Mader brings this motion, under Rule 62.1, for an indicative ruling that the Court would grant Plaintiff relief from its prior Order granting summary judgment in favor of Defendant Experian Information Solutions, LLC. Plaintiff requests relief pursuant to Rules 60(b)(2) and 60(b)(3). For the reasons stated below, Plaintiff's motion is denied.

I.  **BACKGROUND**

The Court assumes the parties' familiarity with the facts and the resolution of the underlying dispute.

Summary judgment was granted in favor of Defendant.[1]  *Mader v. Experian Info. Sols., LLC*, No. 19 Civ. 3787, 2020 WL 4273813 (S.D.N.Y. July 24, 2020). On August 7, 2020, Plaintiff filed a motion for reconsideration. On September 3, 2020, Plaintiff's motion was denied. *See Mader v. Experian Info. Sols., LLC*, No. 19 Civ. 3787, 2020 WL 5416337 (S.D.N.Y. Sept. 3, 2020). On September 9, 2020, Plaintiff filed a notice of appeal. On February 18, 2021, Plaintiff filed the instant motion for an indicative ruling after deposing a witness -- John Zemetro, who had submitted a declaration in this case in support of Defendant's summary

---

[1] All capitalized terms herein have the same meaning as in the prior summary judgment decision.

judgment motion -- in the separate case of *Francis DiDonato v. GS Servs. Ltd. P'ship, et al.*, No. 20 Civ. 2154 (S.D.N.Y) ("*DiDonato*").

## II. STANDARD

When a party files a notice of appeal, a district court is divested of its jurisdiction to hear post-judgment motions.  *See Darnell v. Pineiro*, 849 F.3d 17, 28 n.7 (2d Cir. 2017).  However, Rule 62.1 permits the court to issue an "indicative ruling" to the appellate court to indicate whether the relief sought is "meritorious, meritless, or merits further consideration, and request that the appellate court remand the case for further proceedings."  *Id.*

## III. DISCUSSION

Plaintiff argues that he is entitled to relief pursuant to Rules 60(b)(2) and 60(b)(3) based on alleged misrepresentations discovered through the deposition of Zemetro in *DiDonato* ("Zemetro's Deposition") that contradict Zemetro's declaration in this case ("Zemetro's Declaration").  Zemetro's Declaration states that he "gained personal knowledge of the facts and circumstances . . . from my experience at [Navient], as well as my personal examination of [Navient's] records that are maintained in the normal course of business."  Zemetro's Declaration further states that the Navient Loan was made in a program that also makes Stafford Loans and other loans, which are guaranteed or funded by non-profits, and that the promissory note for the Navient Loan provides the same.  During Zemetro's Deposition, Zemetro stated, in substance, that the only basis for his personal knowledge of the Navient Loan was his review of Plaintiff's promissory note and Plaintiff's account on Navient's computer servicing system.  Any other information provided in Zemetro's Declaration came from Zemetro's "overall knowledge of student loan servicing [and] overall knowledge of [Navient's] student loan servicing system. . . ."

### A.     Rule 60(b)(2) Analysis

Rule 60(b)(2) permits relief from a judgment or order when the movant has shown newly discovered evidence and

> that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020) (citation omitted).  Relief is warranted only when all four of these criteria are met.

Plaintiff has not shown he is entitled to relief under Rule 60(b)(2) for three independent reasons.  First, Zemetro's Deposition is merely impeaching because it goes to the basis and reliability of his written testimony rather than its substance.  Second, Plaintiff has not shown that he was justifiably ignorant of the evidence despite due diligence.  Plaintiff did not invoke Rule 56(d) or seek leave of the Court to re-open discovery as to Zemetro's Declaration even though he submitted supplemental information to the Court before a decision was rendered.  *See, e.g.*, *Chevron Corp v. Donziger*, 886 F. Supp. 2d 235, 267 (S.D.N.Y. 2012) (noting that Rule 56(d) permits additional necessary discovery after a summary judgment motion).

Finally, Plaintiff has not shown that the evidence in Zemetro's Deposition would have changed the outcome in this case.  Defendant's motion for summary judgment was granted because the only evidence in the record -- the Navient Loan's promissory note and Zemetro's Declaration -- supported Defendant's assertion that the Navient Loan was made under a program that includes loans funded in part by non-profit organizations, including governmental units, and therefore was exempt from discharge in bankruptcy.  *Mader*, 2020 WL 4273813 at *3 n.4.  Plaintiff identified no contrary evidence, beyond his subjective belief that the Navient Loan "was

3

not made or guaranteed by a government or non-profit," to show a dispute of material fact. *Id.* at *3. Without contrary evidence, Plaintiff cannot show that Defendant's motion for summary judgment would have been denied, even if the Court had considered Zemetro's Deposition about the basis for his statements.

      **B.**      **Rule 60(b)(3) Analysis**

Rule 60(b)(3) permits relief from a judgment or order when the movant shows "fraud, . . . misrepresentation, or misconduct by an opposing party . . . ." To prevail on a Rule 60(b)(3) motion, a movant must show that the complained of conduct prevented the moving party from being able to present his case fully and fairly. *Castro v. Bank of N.Y. Mellon*, 2021 WL 127904, at *3 (2d Cir. 2021) (summary order) (citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004)). Material misrepresentations must be shown by clear and convincing evidence and cannot masquerade "as an attempt to relitigate the merits." *Id.* (citing *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)).

Plaintiff has not shown he is entitled to relief under Rule 60(b)(3) because he has not shown that Defendant "engaged in fraud, misrepresentation or misconduct" or that Plaintiff was prevented from being able fully and fairly to present his case. First, Plaintiff has not shown that Zemetro made a misrepresentation. Zemetro's Declaration states that he "gained personal knowledge of the facts and circumstances [of the Navient Loan] . . . from [his] experience at [Navient], as well as [his] personal examination of [Navient's] records that are maintained in the normal course of business." In Zemetro's Deposition, he said that he learned about the Navient Loan based on his "overall knowledge" of Navient's loan servicing system and review of the promissory note. There is no inconsistency or misrepresentation in these two statements.

Plaintiff also has not shown, by clear and convincing evidence or otherwise, that Defendant engaged in any wrongdoing. Plaintiff speculates that Defendant "secretly agreed with Navient to have Mr. Zemetro submit a declaration without subjecting him to cross examination." But it was not improper for Defendant to submit Zemetro's Declaration in support of summary judgment. Also, Plaintiff admits that "[b]oth parties knew that Navient was a non-party with information about the case." Plaintiff had an equal opportunity to obtain discovery from Navient and was even granted an extension of discovery. He cannot now claim that Defendant's wrongdoing prevented him from fully presenting his case.

Plaintiff's reliance on *Thomas v. City of N.Y.* is unpersuasive. The case is non-binding, and, in any event, the circumstances of substantial interference outlined do not apply in this case for the reasons discussed above. *See Thomas*, 293 F.R.D. 498, 504 (S.D.N.Y. 2013) (finding substantial interference is established "if a party shows that the concealment precluded inquiry into a plausible theory of liability, denied it access to evidence that could well have been probative on an important issue, or closed off a potentially fruitful avenue of direct or cross examination" (internal quotation marks omitted)).

## IV.   CONCLUSION

Plaintiff's motion for an indicative ruling granting relief from the Court's prior summary judgment ruling is denied. The Clerk of Court is respectfully directed to close the open motion at Dkt. No. 104.

SO ORDERED.

Dated: September 3, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE